[Civ. No. 5247. First Appellate District, Division Two.—November
5, 1925.]

ROBERT HUTCHESON, Respondent, v. Z. A. TOWNE,
Appellant.

[1] TRIALS—OPINION ON APPEAL—LAW OF CASE.—Where, on the re-
trial of a case after reversal on appeal of a judgment in favor
of the defendant, no new facts are developed and at the con-
clusion of such trial the court finds the facts as stated in the
opinion of the appellate court to be true, such opinion is the law
of the case.

[2] CONTRACTS — PROMISE TO EXECUTE NOTE AND ° MORTGAGE —
EVIDENCE—EQUITABLE MORTGAGE—STATUTE OF FRAUDS.—In this
action by the holder of assigned claims of materialmen to re-
cover the balance due on such claims from the indemnitor of the
surety on the bond of the building contractor, the contention of
defendant that the suit was prematurely filed, upon the theory
that defendant at some stage of the negotiations promised to
execute a promissory note secured by a mortgage to pay the
claims of plaintiff's assignors and that such promise consti-
tuted an equitable mortgage which could be enforced only by
suit to foreclose, was without merit, as defendant positively
denied ever having made such a promise, and, if any such promise
were made, it was not in writing and hence did not constitute
an equitable mortgage.

---

1. See 2 Cal. Jur. 945; 2 R. C. L. 224.

[3] ID.—ORAL PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION—PLEADING—OPINION OF APPELLATE COURT.—In such action, the amended complaint having alleged the facts which the appellate court, in reversing a former judgment in favor of defendant, detailed as constituting the consideration for the oral promise of defendant to pay the debts of the defaulting building contractor, and the appellate court in its opinion having held those facts to be sufficient to take the oral promise out of the statute of frauds, there was no merit in the contention of defendant, on appeal from the judgment on the second trial in favor of plaintiff, that plaintiff's amended complaint did not state a cause of action because it did not show any consideration for defendant's promise to pay.

[4] ID.—TIME OF MAKING PROMISE—EVIDENCE.—In such action, the contention of defendant on appeal that he made but one agreement, in which he promised to pay and that was before he undertook the completion of the building was negatived by all the substantial evidence in the record showing that, after defendant had completed the building, and at his instance and request, the creditors were called together and informed that it would be necessary for them to withdraw their stop notices against the school district in order that defendant might withdraw the money withheld by the trustees, that at that time, upon defendant's instance and request, written releases which had been prepared by the county counsel were executed to enable defendant to secure the money from the school district, and that as a result of such releases, and because of them only, defendant did obtain the money from the school district and used it for the payment of the bills which he himself had incurred for labor and materials in the completion of the building and for which he alone was responsible.

(1) 4 C. J., p. 1213, n. 83, p. 1219, n. 39.   (2) 1 C. J., p. 1151, n. 77.   (3) 4 C. J., p. 1213, n. 83.   (4) 13 C. J., p. 776, n. 96.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court and in *Fuller* v. *Towne*, 184 Cal. 89.

Tanner, Odell & Taft for Appellant.

Sheldon Borden, Richard J. O. Culver, Paul Nourse, G. C. De Garmo and Albert A. Kidder for Respondent.

NOURSE, J.—This action was commenced on August 1, 1916, by J. D. Fuller as the holder by assignment of certain claims against one La Rue upon the alleged promise of the defendant Towne to pay such claims. On the first trial of the action judgment went for the defendant and on plaintiff's appeal therefrom the judgment was reversed by the supreme court. (*Fuller* v. *Towne,* 184 Cal. 89 [193 Pac. 88].) On the second trial judgment went for the plaintiff Robert Hutcheson, who had theretofore been duly substituted for J. D. Fuller, who had died subsequent to the commencement of the action. From this judgment the defendant appealed upon the judgment-roll and a bill of exceptions.

[1] The facts of the case are fully stated in the opinion of the supreme court on the first appeal and no new facts were developed at the second trial. The findings of the trial court at the conclusion of the second trial find those facts as stated in the opinion of the supreme court to be true. This opinion was, therefore, the law of the case and compelled judgment in favor of the plaintiff.

On this appeal the appellant urges but three points which require consideration. First, that the suit was prematurely filed; second, that the amended complaint does not state a cause of action because it does not show any consideration for the defendant's promise to pay; and, third, that the defendant made but one agreement in which he promised to pay and that was before he undertook the completion of the building.

[2] The first point is based upon the theory that the appellant at some stage of the negotiations promised to execute a promissory note secured by a mortgage to pay the claims of La Rue's creditors, and it is argued that this promise constituted an equitable mortgage which could be enforced only by suit to foreclose. There are two answers to this point: first, that the appellant positively denies ever having made such a promise; and, second, that if any such promise were made it was not in writing and hence did not constitute an equitable mortgage. (*Hall* v. *Cayot,* 141 Cal. 13, 18 [74 Pac. 299].) In addition to this the trial court found on substantial evidence that the appellant did not execute the note or mortgage and that the representations that he had done so were not true.

[3]   As to the second point the complaint alleges the facts'
as detailed in the former opinion of the supreme court as'
constituting the consideration for the oral promise and these
facts were held by the court in that opinion to be sufficient
to take the oral promise out of the statute of frauds.   It
was because of the facts alleged in the complaint that the
supreme court in that opinion reversed the cause and held
that the finding that no valid promise had been made was
unsupported by the evidence.

[4]   Third, the contention that but one agreement was
made and that it was made before the appellant undertook
the completion of the building is negatived by all the sub-
stantial evidence in the record.   The evidence is that after
the appellant had completed the building, and at his instance
and request the creditors had been called together, he in-
formed them through his agent that it would be necessary
for them to withdraw all their stop notices against the school
district in order that he might withdraw the money held by
the school trustees.   At the same time, also upon the appel-
lant's instance and request, written releases which had been
prepared by the county counsel, were executed by these
creditors to enable appellant to secure the money then in the
possession of the school district.   As a result of those writ-
ten releases, and because of them only, the appellant did
obtain this money from the school district and used it for
the payment of the bills which he himself had incurred for
labor and materials in the completion of the building and
for which he alone was responsible.

As we said in the beginning, the case presented on this
record is identical with that presented to the supreme court
in *Fuller* v. *Towne, supra,* and the decision in that case con-
trols the second judgment.   The other points which appel-
lant raises for the first time on this appeal do not require
consideration.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal on December 1, 1925, and a petition
by appellant to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 4, 1926.